UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SAMUEL I. COX, | Case No. 22-CV-0546 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| ACTING COMMISSIONER OF SOCIAL SECURITY, John/Jane Doe; SOCIAL SECURITY ADMINISTRATION, John Doe/Jane Doe; SSA, John Doe/Jane Doe; BARBARA HUNT, Chief, Congressional and Public Affairs Branch; OFFICE OF DISABILITY ADJUDICATION AND REVIEW, John Doe/Jane Doe; and SOCIAL SECURITY OFFICE, Supervisor/Director, | |
| Defendants. | |

This matter is before the Court on plaintiff Samuel I. Cox's objection to Magistrate Judge John F. Docherty's March 24, 2022, Report and Recommendation ("R&R"). Judge Docherty recommends dismissing Cox's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), denying Cox's application to proceed *in forma pauperis*, and denying Cox's motion for appointment of counsel. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Cox's objection and adopts Judge Docherty's R&R.

Only one matter merits comment. Judge Docherty suggests that Cox's equal protection challenge to § 402(x) of the Social Security Act is foreclosed by the Eighth Circuit's opinion in *Jensen v. Heckler*, 766 F.2d 383 (8th Cir. 1985). But the specific reasoning in *Jensen* on which Judge Docherty relied can be distinguished by the fact that civil detainees in the Minnesota Sex Offender Program (such as Cox) may be held liable for the cost of their care during the program, *see* Minn. Stat. § 246B.07, while prisoners receive "'shelter, food, clothing and medical care . . . free of charge by the prison officials,'" *Jensen*, 766 F.2d at 385 (quoting *Washington v. Sec'y of Health & Hum. Servs.*, 718 F.2d 608, 611 (3rd Cir. 1983)). Ultimately this difference does not matter, though, because as Judge Docherty correctly concluded, Cox cannot maintain a § 1983 or *Bivens* claim against the federal defendants. *See Farah v. Weyker*, 926 F.3d 492, 498 (8th Cir. 2019) (describing narrow availability of *Bivens* actions).[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 6] and ADOPTS the R&R [ECF No. 5]. IT IS HEREBY ORDERED THAT:

---

[1] In his objection to Judge Docherty's R&R, Cox requests permission "to amend [his] complaint to address all issue's IFP [sic]." ECF No. 6 at 3. The Court agrees with Judge Docherty that any attempt to amend the complaint would be futile and denies Cox's request.

1. Plaintiff's complaint [ECF No. 1] is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

3. Plaintiff's motion for appointment of counsel [ECF No. 3] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 9, 2022  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge